NUMBERS 13-10-203-CR
and 13-10-204-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

JUAN FRANCISCO
VILLARREAL,                                        Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                             Appellee.

                                                                                                                     
  

 

On appeal from the
93rd District Court 

of Hidalgo County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices
Garza, Vela, and Perkes 

Memorandum Opinion by
Justice Vela

                                                                                                                                    

            Appellant, Juan Francisco Villarreal, appeals
from convictions after he pleaded guilty to two counts of driving while
intoxicated, a third degree felony due to prior convictions, and was sentenced
to six years in the Institutional Division of Texas Department of Criminal
Justice on each count, to run concurrently.  See Tex. Penal Code Ann. § 49.09(b) (Vernon Supp. 2010).  He was
also sentenced to 180 days’ confinement on the charge of evading arrest or
detention, to run concurrently.  See id. § 38.04(b)(1) (B) (Vernon Supp.
2010).  Without a plea bargain, appellant pleaded guilty to the two felony
counts and the state jail felony.  The State introduced the plea documents and
the offense report for each case.  Appellant stipulated to venue and
jurisdiction and the fact that he was the same person who had previously been
indicted for driving while intoxicated as alleged.  

            Concluding that there are no arguable issues
for this Court to review, appellant’s court appointed counsel has filed an Anders
brief in which he reviewed the merits, or lack thereof, of the appeals.  We
affirm the trial court’s judgments.  

I.
Compliance With Anders

Pursuant to Anders v. California,
386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has
filed a brief in this case, stating that he could find no meritorious issues to
bring forward for review.  Counsel's brief discusses relevant portions of the
record and the applicable law.  See In re Schulman, 252 S.W.3d
403, 407 n. 9 (Tex. Crim. App. 2008) (orig. proceeding) (“In Texas, an Anders
brief need not specifically advance ‘arguable’ points of error if counsel finds
none, but it must provide record references to the facts and procedural history
and set out pertinent legal authorities.”) (citing Hawkins v. State, 112
S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); Stafford v.
State, 813 S.W.2d 503, 510 n. 3 (Tex. Crim. App. 1991) (en banc).

In compliance with High v. State,
573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has
carefully discussed why, under controlling authority, there is no error in the
trial court's judgments.  Counsel certified to this Court that he forwarded a
copy of his motion to withdraw and its supporting brief to appellant with a
letter advising him of his right to review the record and to file a pro se
response.[1] 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n. 3; see
also In re Schulman, 252 S.W.3d at 409 n. 23.  More than an adequate
time has passed, and appellant has not filed a pro se response.

II. Independent Review

Upon receiving an Anders brief,
this Court must conduct a full examination of all the proceedings to determine
whether the cases are wholly frivolous.  Penson v. Ohio, 488 U.S. 75,
800 (1988).  We have reviewed the entire record in these cases and counsel's
brief, and we have found nothing that would arguably support an appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005)
(“Due to the nature of Anders briefs, by indicating in the opinion that
it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of
Texas Rule of Appellate Procedure 47.1.”); Stafford, 813 S.W.2d at 509. 
Accordingly, we affirm the judgments of the trial court.

III. Motion to Withdraw

In accordance with Anders,
appellant's attorney has asked this Court for permission to withdraw as counsel
for appellant.  See Anders, 386 U.S. at 744; see also In re Schulman,
252 S.W.3d at 408 n. 17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80
(Tex. App.–Dallas 1995, no pet.) (“If an attorney believes the appeal is
frivolous, he must withdraw from representing the appellant.  To withdraw from
representation, the appointed attorney must file a motion to withdraw
accompanied by a brief showing the appellate court that the appeal is
frivolous.”) (citations omitted)).  We grant counsel's motion to withdraw. 
Within five days of the date of this Court's opinion, counsel is ordered to
send a copy of the opinion and the judgments to appellant and to advise
appellant of his right to file a petition for discretionary review.[2] 
See Tex. R. App. P. 48.4; see
also In re Schulman, 252 S.W.3d at 412 n. 35; Ex parte Owens, 206 S.W.3d
670, 673 (Tex. Crim. App. 2006).

 

 

 

                                                                                         ROSE
VELA

                                                                                         Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the

17th day of March,
2011.

 

 

 









[1]The
Texas Court of Criminal Appeals has held that the pro se response need not
comply with the rules of appellate procedure in order to be considered. 
Rather, the response should identify for the court those issues that the
indigent appellant believes the court should consider in deciding whether the
case presents any meritorious issues.  In re Schulman, 252 S.W.3d 403,
409 n. 23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting Wilson v. State,
955 S.W.2d 693, 696-67 (Tex. App.–Waco 1997, no pet.)). 

 





[2]No
substitute counsel will be appointed.  Should appellant wish to seek further
review of this case by the Texas Court of Criminal Appeals, he must either
retain an attorney to file a petition for discretionary review or file a pro se
petition for discretionary review.  Any petition for discretionary review must
be filed within thirty days from the date of either this opinion or the last
timely motion for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2.  Any petition for
discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals.  See Tex. R. App. P. 68.3; 68.7.  Any
petition for discretionary review should comply with the requirements of rule
68.4 of the Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4.